# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

CARL ROSENFELD,

    *Plaintiff*,

v.

LOOMIS ARMORED US, LLC,

    *Defendant*.

No. 1:22-cv-01028

**OPINION**

**APPEARANCES:**

| | |
|---|---|
| David Eliot Madden<br>Timothy R. Bieg<br>MADDEN & MADDEN<br>108 Kings Hwy East<br>Haddonfield, NJ 08033 | Paul Calvin Lantis<br>Bridget Devlin<br>LITTLER MENDELSON, P.C.<br>1601 Cherry Street<br>Philadelphia, PA 19102 |
| *On behalf of Plaintiff* | *On behalf of Defendant* |

**O'HEARN, District Judge.**

This matter comes before the Court upon a Motion for Summary Judgment filed by Defendant Loomis Armored US, LLC ("Defendant"). (ECF No. 41). For the following reasons, Defendant's Motion is **GRANTED.**

## I.    BACKGROUND

Defendant provides cash-handling services to financial institutions and retail businesses. (Def.'s Statement of Undisputed Mat. Facts, ECF No. 41-3, ¶ 1; Pl.'s Resp. to Def.'s Statement of Undisputed Mat. Facts, ECF No. 46-1, ¶ 1). Defendant employed Plaintiff Carl Rosenfeld ("Plaintiff") as an Armored Service Technician in Pennsauken, New Jersey, between 2004 and his termination in 2021. (ECF No. 41-3, ¶¶ 2–3; ECF No. 46-1, ¶¶ 2–3). Plaintiff worked primarily as a driver, and his responsibilities included operating armored vehicles and observing the vehicles'

surroundings during service calls. (ECF No. 41-3, ¶¶ 7, 19; ECF No. 46-1, ¶¶ 7, 19).

In 2019, Plaintiff requested and received a medical accommodation by which he would generally not work on his feet, and would instead only work as a driver. (ECF No. 41-3, ¶¶ 17–18; ECF No. 46-1, ¶¶ 17–18). From November 12, 2019, to February 12, 2020, Plaintiff took a leave of absence to undergo surgery for a brain tumor. (ECF No. 41-3, ¶ 21; ECF No. 46-1, ¶ 21). Before going on leave, Plaintiff's brain tumor caused him to fall asleep on the job several times. (ECF No. 41-3, ¶ 23; ECF No. 46-1, ¶ 23). Plaintiff received further accommodations when he returned from leave. (Pl.'s Counterstatement of Undisputed Mat. Facts, ECF No. 46-1, ¶ 5; Def.'s Resp. to Pl.'s Counterstatement of Undisputed Mat. Facts, ECF No. 49-1, ¶ 5). Plaintiff alleges that when he returned, supervisor Dave Van Atter said to him, "I thought you were going to retire," and threatened "if you get caught falling asleep or doing anything wrong, you're gone." (Def.'s Statement of Undisputed Mat. Facts, ECF No. 41-3, ¶ 26; Pl.'s Resp. to Def.'s Statement of Undisputed Mat. Facts, ECF No. 46-1, ¶ 26).

On February 4, 2021, Plaintiff and partner, Tom Kelly engaged in a service call during which Mr. Kelly was robbed. (ECF No. 41-3, ¶ 30; ECF No. 46-1, ¶ 30). During the robbery, Plaintiff was looking at his cell phone in the vehicle and was not paying attention to his surroundings. (ECF No. 41-3, ¶ 33; ECF No. 46-1, ¶ 33). After the robbery, Plaintiff opened the door of the armored vehicle to speak to a security guard employed by the store and did not obtain permission from a supervisor to do so. (ECF No. 41-3, ¶¶ 36–37; ECF No. 46-1, ¶¶ 36–37).

Defendant's employment policies prohibit drivers from using personal devices while servicing customer locations and require that drivers be "alert and searching for risks at all times." (ECF No. 41-3, ¶¶ 12–13; ECF No. 46-1, ¶¶ 12–13). Violation of this policy is a "suspension offense." (ECF No. 41-3, ¶ 13; ECF No. 46-1, ¶ 13). Defendant's policies also prohibit opening

the door of an armored vehicle for any person who is not a member of the vehicle's crew while engaged in a service call without the express permission of a manager. (ECF No. 41-3, ¶ 14–16; ECF No. 46-1, ¶ 14–16). Violation of this policy is a "termination offense." (ECF No. 41-3, ¶ 14; ECF No. 46-1, ¶ 14). On Mr. Van Atter's recommendation, Defendant fired Plaintiff on February 9, 2021, and cited his violation of these two policies during the February 4, 2021, robbery as the reason for his termination. (ECF No. 41-3, ¶ 49–50; ECF No. 46-1, ¶ 49–50).

## II.     PROCEDURAL HISTORY

On January 18, 2022, Plaintiff filed this action in the Superior Court of New Jersey, Burlington County, asserting claims under the New Jersey Law Against Discrimination ("NJLAD") for (1) disability discrimination (Count I), (2) age discrimination (Count II), and (3) retaliation (Count III). (Pl.'s Compl., ECF No. 2-1). On February 26, 2022, Defendant removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Not. of Removal, ECF No. 2). Defendant filed an Answer on March 4, 2022. (ECF No. 5). Discovery closed on August 14, 2023. (Am. Scheduling Order, ECF No. 40). Defendant filed the Motion for Summary Judgment now before the Court on September 15, 2024. (ECF No. 41). Plaintiff filed Opposition on October 30, 2023, (ECF No. 46), and Defendant replied on November 13, 2023. (ECF No. 49).

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment when "a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id*. "In considering a motion for summary judgment . . . the non-moving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once met, the burden shifts to the nonmoving party to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (quoting Fed. R. Civ. P. 56(a)). To withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence contradicting the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249–50). There is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322.

### IV.  DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiff does not establish a *prima facie* case for any cause of action, and, alternatively, even if he makes out a *prima facie* case, Defendant had a valid, non-pretextual reason for firing him, which Plaintiff fails to sufficiently rebut. The Court finds that Plaintiff establishes a *prima facie* case of disability and age

discrimination but fails to do so with respect to retaliation. However, Defendant has carried its burden to show a non-discriminatory and non-retaliatory reason for the termination because Plaintiff violated clearly established policies against using his personal device during a service call and opening the door of his armored vehicle to unauthorized parties. Plaintiff fails to create a genuine issue of disputed fact or offer evidence from which a reasonable jury could reject this proffered reason and find his termination was pretext for disability or age discrimination, or retaliation. The Court therefore grants summary judgment as to all claims.

Employment discrimination claims under the NJLAD are subject to "the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x. 831, 841 (3d Cir. 2016). To survive summary judgment under this standard, a plaintiff must first establish a *prima* facie case of discrimination, *Venter v. Potter*, 435 F. App'x. 92, 96 (3d Cir. 2011), which requires showing only that discrimination *could be* the reason for an adverse employment action. *Marzano v. Computer Sci. Corp. Inc.*, 91 F.3d 497, 508 (3d Cir. 1996). If a plaintiff succeeds at the first step, the defendant must articulate a legitimate, nondiscriminatory reason for the action. *Id.* The burden then returns to the plaintiff, who must show that the cited reason is pretextual. *Id.*

### A. Count I: Disability Discrimination

Plaintiff establishes a *prima facie* case of disability discrimination but fails to rebut Defendant's non-discriminatory reason for his termination with evidence from which a reasonable jury could conclude this reason is pretext for disability discrimination. Defendant is therefore entitled to summary judgment as to this claim.

1.  Plaintiff Establishes a *Prima Facie* Case of Disability Discrimination

To state a claim for disability discrimination under the NJLAD, Plaintiff must establish (1) he was disabled, (2) he was qualified to perform his job, and (3) he suffered adverse employment action because of a disability. *Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 235-36 (D.N.J. 2015). Plaintiffs must show that the party responsible for the adverse employment action knew of their disability before taking such action. *Foster v. Kennedy University Hosp., Inc.*, No. 20-4415, 2022 WL 2981156, at *10 (D.N.J. July 28, 2022) (citing, *inter alia*, *Johnson v. Thru Point, Inc.*, 160 F. App'x 159, 162 (3d Cir. 2005)). To establish causation, courts may require plaintiffs to demonstrate they were replaced by similarly qualified individuals. *See, e.g.*, *Tourtelle v. Eli Lilly & Co.*, 636 F. App'x 831, 848 (3d Cir. 2016); *Guarneri v. Buckeye Pipe Line Servs. Co.*, 205 F. Supp. 3d 606, 614 (D.N.J. 2016). And courts have also required plaintiffs to show that such replacement employees were not disabled. *Joseph v. N.J. Transit Rail Operations Inc.*, 586 F. App'x 890, 892 (3d Cir. 2014); *Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *3 (D.N.J. July 15, 2016); *Rosenfeld v. Canon Bus. Sols., Inc.*, No. 09-4127, 2011 WL 4527959, at *19 (D.N.J. Sept. 26, 2011).

Defendant contests only causation. The Court finds causation is satisfied here. It is undisputed that Mr. Van Atter was aware that Plaintiff had taken medical leave for a condition involving his brain, that Plaintiff had previously fallen asleep on the job because of this condition, and that Plaintiff required a leave of absence and thereafter accommodations upon his return to work. (Pl.'s Counterstatement of Undisputed Mat. Facts, ECF No. 46-1, ¶¶ 1–5; Def.'s Resp. to Pl.'s Counterstatement of Undisputed Mat. Facts, ECF No. 49-1, ¶¶ 1–5). He was therefore undoubtedly aware of Plaintiff's disability prior to his termination. *See Stowell v. Black Horse Pike Reg'l Sch. Dist.*, No. 17-06633, 2019 WL 6044937, at *7 (D.N.J. Nov. 15, 2019) (finding

6

employer was aware of plaintiff's disability where plaintiff notified employer of the general nature of his illness and the need to take medical leave); *Fitzgerald*, 92 F. Supp. 3d at 237 (finding employer was aware of plaintiff's disability because employer knew general details of the condition and "approved and twice extended plaintiff's leave request based on her condition"). Further, affording all plausible inferences to Plaintiff, a reasonable jury could infer from the statement allegedly made upon Plaintiff's return to work, "if you get caught falling asleep or doing anything wrong, you're gone," that Mr. Van Atter harbored discriminatory animus towards Plaintiff because of his disability. A *prima facie* case of discrimination requires only the "modest" showing that Plaintiff's "factual scenario is compatible with discriminatory intent," and Mr. Van Atter's comment narrowly satisfies this burden by suggesting that he considered firing Plaintiff because of the disability that previously caused his sleepiness and his need to take leave. *Marzano*, 91 F.3d at 508; s*ee O'Leary v. Cnty of Salem Corr Facility and Sheriff's Off.*, No. 15-03862, 2017 WL 4548264, at *10 (D.N.J. Oct. 12, 2017) (finding plaintiff raised a question of material fact as to causation through testimony that defendant made comments insinuating plaintiff would not graduate from a police academy because of her disability). [1] Plaintiff thus establishes a *prima facie* case of disability discrimination, and the burden shifts to Defendant to offer a nondiscriminatory

---

[1] Plaintiff also argues that causality can be inferred from Mr. Van Atter's question to Defendant's Human Resources Department regarding "options" with respect to Plaintiff's employment upon his return from medical leave. For reasons discussed in greater detail in the context of Plaintiff's retaliation claim in section IV(C) herein, *infra*, the record shows this comment was a valid inquiry into Plaintiff's qualifications to return to work, and Plaintiff's speculation to the contrary cannot raise a causal inference without more. Because the Court finds other evidence sufficient to satisfy the *prima facie* element of causation with respect to this claim, it need not discuss this issue further with respect to the disability discrimination claim.

reason for his termination. *Marzano*, 91 F.3d at 508.[2]

### 2. Defendant Offers a Legitimate Reason for Terminating Plaintiff

Defendant satisfies its burden to proffer a legitimate, nondiscriminatory reason for Plaintiff's termination. An employer offers a valid reason for an adverse employment action by "introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fintel v. Marina Dist. Dev. Co., LLC*, No. 16-8798, 2019 WL 1418122, at *9 (D.N.J. Mar. 28, 2019) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)). The record shows that Plaintiff violated Defendant's open-door and personal device policies during a robbery and that the open-door violation alone would require termination. (Def's Statement of Undisputed Mat. Facts, ECF No. 41-3, ¶¶ 33–39; Pl.'s Resp. to Def.'s Statement of Undisputed Mat. Facts, ECF No. 46-1, ¶¶ 33–39). This infraction clearly constitutes "a nondiscriminatory reason for the unfavorable employment decision." *Fintel*, 2019 WL 1418122, at *9. Thus, the burden returns to Plaintiff to demonstrate evidence from which a reasonable jury could find this reason is pretextual. *Marzano*, 91 F.3d at 508.

### 3. Plaintiff Fails to Set Forth Evidence from Which a Reasonable Jury Could Conclude Defendant's Justification is Pretext for Disability Discrimination

Plaintiff fails to rebut Defendant's proffered nondiscriminatory reason for his termination with sufficient evidence from which a reasonable jury could find pretext for disability discrimination. To show pretext, a plaintiff must present evidence from which a jury could:

---

[2] The record does not establish whether Defendant replaced Plaintiff with similarly qualified new employees who did not have a disability, but Plaintiff's *prima facie* case does not *per se* fail for this reason. While Plaintiff argues that Defendant hired other drivers shortly after Plaintiff's termination, Plaintiff fails to show whether these drivers had the same qualifications as Plaintiff or whether they had a disability. (ECF No. 46-1, ¶¶ 42–43; ECF No. 49-1 ¶¶ 42–43). Nevertheless, because Mr. Van Atter's comments to Plaintiff independently raise an inference of causality, the Court will not rigidly require he make such a showing. *See Grisso-Leahey v. Centers Health Care*, No. 21-04433, 2022 WL 18425527, at *3 (D.N.J. Dec. 30, 2022) (finding the requirement of showing a qualified replacement "need not be rigidly applied" and collecting cases to this effect).

"(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes,* 32 F.3d at 764 (internal citations omitted). To provide a reason to disbelieve an employer, a plaintiff must show "weaknesses . . . or contradictions in the employer's proffered legitimate reasons for its action" sufficient to convince a reasonable factfinder of their falsity. *Id.* at 765 (internal citations omitted). A Plaintiff may also raise an inference that discrimination was the real reason for the adverse action by showing that the employer had previously discriminated against him personally, the employer discriminated against protected classes generally, or the employer treated similarly situated employees outside his protected class more favorably. *Id.*

Here, Plaintiff offers no evidence to create doubt as to Defendant's reason for his termination. Defendant has consistently identified Plaintiff's violation of the personal device policy and the open-door policy as the reasons for his termination. (Def's Statement of Undisputed Mat. Facts, ECF No. 41-3, ¶ 49–50; Pl.s' Resp. to Def.'s Statement of Undisputed Mat. Facts, ECF No. 46-1, ¶ 49–50). Defendant's witnesses all testified that opening the door of a vehicle to a non-crewmember without permission from management requires termination. (Pl.'s Counterstatement of Mat. Facts ECF No. 46-3, ¶¶ 10, 13, 16–18; Def.'s Resp. to Pl.'s Counterstatement of Mat. Facts, ECF No. 49-1, ¶¶ 10, 13, 16–18). And Defendant's employee handbook articulates this policy. (Def's Statement of Undisputed Mat. Facts, ECF No. 41-3, ¶¶ 13–15; Pl.s' Resp. to Def.'s Statement of Undisputed Mat. Facts, ECF no. 46-1, ¶¶ 13–15). Most importantly, Plaintiff admits that he violated both the open-door and personal device policies on the day of the robbery. (Deposition of Carl Rosenfeld, Exhibit B to Pl.'s Mot. for Summ. J., ECF No 41-5, p. 142, ¶ 10). The record thus reveals no "weaknesses . . . or contradictions" that could convince a factfinder of

the falsity of Defendant's proffered reasons. *Fuentes*, 32 F.3d at 765.

Plaintiff also fails to set forth any facts from which a reasonable jury could find that disability discrimination was the true motive for his termination.[3] Mr. Van Atter's threat to fire Plaintiff if he fell asleep on the job does not rebut Defendant's justification for firing Plaintiff even though this comment raises an inference of causation for purposes of establishing a *prima facie* case of discrimination. *Hopkins*, 2018 WL 6243039, at *7 (finding comments that narrowly established a *prima facie* case of discrimination did not suffice to rebut legitimate articulated reasons for plaintiff's termination). "A single comment that "could be . . . . interpreted as discriminatory . . . . [is] insufficient to demonstrate pretext." *Taylor v. Amcor Flexibles Inc.*, 669 F. Supp. 2d 501, 511 (D.N.J. 2009), aff'd, 507 F. App'x 231 (3d Cir. 2012). This is particularly true where, as here, the comment is temporally remote from the adverse employment action. *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992) (finding that, for purposes of showing pretext, "[s]tray remarks by . . . . decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of the decision"). Mr. Van Atter's lone comment, made around a year before Plaintiff's termination, therefore is insufficient to rebut Defendant's legitimate reason for Plaintiff's termination even if the comment could suggest discriminatory animus for purposes of a demonstrating a *prima facie* case. *Id*.

Further, nothing in the record suggests that Defendant previously discriminated against Plaintiff personally, despite being aware of his disability long before his termination. Indeed, Defendant never disciplined Plaintiff before his termination. (ECF No. 41-5, p. 130, ¶¶ 5–12; ECF

---

[3] Plaintiff's briefing as to pretext focuses largely on reasons to doubt Defendant's justification for his termination. The issue, however, that must be considered to survive summary judgment is whether Plaintiff offers evidence to suggest discriminatory animus motivated his termination.

No. 46-3, ¶¶ 5–12). And, outside of the meeting when he returned from leave, Plaintiff maintained positive relationships with his supervisors. (ECF No. 41-3, ¶ 27; ECF No. 46-1, ¶ 27). All of his requests for leave and accommodations because of his disability were also granted.

Finally, Plaintiff fails to provide evidence of pretext through allegations that other similarly situated employees were treated more favorably than him. Plaintiff first alleges that an unidentified driver was not fired for opening the door of his vehicle and locking himself out of the truck. (ECF No. 46-1, ¶ 31; Pl.'s Answers to Def.'s Interrogatories, Exhibit L to Pl.'s Opp. to Def.'s Mot. for Summ. J., ECF No. 46-13, p. 8). However, Plaintiff cannot identify the driver's name nor specify whether the driver had a disability. Plaintiff also offers only hearsay from a third party regarding this incident. (ECF No 41-5, pp. 169–170). And such evidence cannot defeat summary judgment. *See Counterman v. Warren Cnty. Corr. Facility*, No. 03-1974, 2005 WL 5368398, at \*8 (D.N.J. Jan. 27, 2005), *aff'd*, 176 F. App'x. 234 (3d Cir. 2006) ("Only evidence that would be admissible at trial may be used to test a summary judgment motion.") (citing *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81 (3d Cir.1999)). Plaintiff next identifies a separate incident when a driver was not fired for opening his door. (ECF No. 46-1, ¶ 32). However, a report of this incident shows that, unlike Plaintiff, that driver opened the door of his truck to his partner and not to an unknown person, which does not violate the open-door policy. (Incident Report, Ex. M to Pl.'s Opp. to Def.'s Mot. for Summ. J., ECF No. 46-14, p. 2). This driver was therefore not similarly situated to Plaintiff and that evidence provides no basis for a finding of pretext. Mr. Van Atter also testified to a third incident where a driver opened his door without permission and, like Plaintiff, was terminated, providing further evidence negating Plaintiff's claims of disparate treatment. (ECF No. 46-1, ¶ 33; ECF No. 49-3, ¶ 33). Plaintiff thus fails to provide any evidence that similarly situated non-disabled employees were treated more favorably than him.

11

In summary, because Plaintiff has not set forth any evidence from which a reasonable jury could find that Defendant's reasons for his termination were pretext for disability discrimination, summary judgment must be granted as to this claim.

### B. Count II: Age Discrimination

Plaintiff establishes a *prima facie* case of age discrimination but fails to rebut Defendant's non-discriminatory reason for his termination with evidence from which a reasonable jury could conclude this justification is pretext for age discrimination. Defendant is therefore entitled to summary judgment as to this claim.

1. Plaintiff Establishes a *Prima Facie* Case of Age Discrimination

To state a claim for age discrimination under the NJLAD, Plaintiff must show (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he experienced adverse employment action; and (4) the employer took the adverse action against him because of his age. *Hopkins v. Kuehne + Nagel Inc.*, No. 15-7454, 2018 WL 6243039, at *6 (D.N.J. Nov. 28, 2018); *Farmer v. Camden City Bd. of Educ.*, No. 03-685, 2005 WL 984376, at *10 (D.N.J. Mar. 28, 2005). To show causation, courts have required plaintiffs to demonstrate that they were replaced by someone sufficiently younger to permit an inference of age discrimination. *See, e.g.*, *Monaco v. American General Assur. Co.*, 359 F.3d 296, 300 (3d Cir. 2004) (citing *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001)); *but see Arenas v. L'Oreal USA Products, Inc.*, 790 F. Supp. 2d. 230, 237–38 (D.N.J. 2011) (declining to require plaintiff to show a younger replacement to show causation).

Defendant again challenges only causation. Plaintiff establishes this element by showing that Defendant hired two drivers around thirty years younger than him shortly after his

termination.[4] (Pl.'s Counterstatement of Mat. Facts, EF No. 46-1, ¶¶ 42–43; Def.'s Resp. to Pl.'s Counterstatement of Mat. Facts, ¶¶ 42–43). This considerable discrepancy in age is sufficient to make out a *prima facie* case as it raises the inference that Plaintiff may have been fired due to his age. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995) ("To complete his *prima facie* case, [plaintiff] . . . . may point to a sufficient age difference between himself and his replacement such that a factfinder can reasonably conclude that the employment decision was made on the basis of age."). Because Defendant has articulated a legitimate nondiscriminatory reason for Plaintiff's termination, as described above, the burden returns to Plaintiff to show this reason is pretext for age discrimination.

> 2. Plaintiff Fails to Set Forth Evidence from Which a Reasonable Jury Could Conclude Defendant's Justification is Pretext for Age Discrimination

Plaintiff fails to rebut Defendant's proffered non-discriminatory reason for his termination with evidence from which a reasonable jury could find pretext for age discrimination. As discussed in section IV(A)(3) herein, *supra*, no contradictions or inconsistencies in the record cast doubt on this justification. And nothing suggests Defendant previously discriminated against Plaintiff personally based upon his age for the same reasons that nothing suggests that Defendant

---

[4] Plaintiff also argues that Mr. Van Atter's discussion of his retirement when he returned from medical leave shows causation. This lone comment about retirement, made nearly a year prior to Plaintiff's termination, does not raise an inference of causation. *See Glanzman v. Metro. Mgmt. Corp.*, 290 F. Supp. 2d 571, 579 (E.D. Pa. 2003), *aff'd*, 391 F.3d 506 (3d Cir. 2004) (finding a comment about retirement "made some ten months before [plaintiff's] employment was severed . . . could just as easily lead to the inference that the company was trying to determine whether it need make future plans" regarding hiring or retirement benefits as an inference of age discrimination) (citing *Greenberg v. Union Camp Corp.*, 48 F.3d 22, 28 (1st Cir. 1995)); *but see, e.g.*, *Romantine v. CH2M Engineers, Inc.*, No. 09–973, 2010 WL 5419017, at *13 (W.D. Pa. Nov. 24, 2010) (finding defendant's jokes about a plaintiff's retirement could contribute to inference of age discrimination); *Hopkins*, 2018 WL 6243039, at *6 (finding that Plaintiff established a prima facie case of age discrimination where Plaintiff's supervisor offered to babysit for plaintiff when plaintiff retired). The Court finds this comment particularly lacking in relevancy here, because Plaintiff previously raised the issue of his possible retirement with Mr. Van Atter.

discriminated against Plaintiff based upon his disability.

Plaintiff's allegations that Defendant treated younger employees more favorably are also unavailing. Although Plaintiff's replacement by younger employees creates an inference of causation for purposes of establishing a *prima facie* case of age discrimination, this alone does not rebut Defendant's stated reason for terminating him without additional evidence of discriminatory animus. *See Glanzman v. Metro. Mgmt Corp.*, 290 F. Supp. 571, 578 (E.D. Pa. 2003) (finding that plaintiff established a *prima facie* case of age discrimination by showing she was replaced with a younger employee, but did not show she was terminated for pretextual reasons); *see also Hopkins*, 2018 WL 6243039, at *7 ("[T]he minimal evidence referenced in support of Plaintiff's *prima facie* case fails to carry Plaintiff's burden of establishing pretext.").

Plaintiff also fails to rebut Defendant's reason for his termination with evidence that Defendant generally discriminated against older employees. Plaintiff testified that an employee in his sixties was fired after bumping his armored car into a wall and suggests that this incident is evidence of discriminatory animus because the crash was not severe and did not justify termination. (ECF No. 41-5, pp. 181–82). However, Plaintiff directly contradicts this contention by testifying that other employees in their sixties got into similarly minor accidents and were *not* fired, thereby defeating his own allegation of animus toward older employees. (ECF No. 41-5, p. 183). More importantly, these employees are not similarly situated to Plaintiff as the conduct which triggered termination was different since it was explicitly deemed a terminable offense.

In sum, because Plaintiff has not set forth any evidence from which a reasonable jury could find that Defendant's reasons for his termination were pretext for age discrimination, summary judgment must granted as to this claim.

### C. Count III: Retaliation

Plaintiff fails to establish a *prima facie* case of retaliation, and also fails to rebut Defendant's non-retaliatory reason for his termination with evidence from which a reasonable jury could find that the reason for firing him was pretext for retaliation. Defendant is therefore entitled to summary judgment as to this claim.

  1. <u>Plaintiff Fails to Establish a *Prima Facie* Case of Retaliation</u>

To state a claim for retaliation under the NJLAD, Plaintiff must show (1) he engaged in protected activity, (2) he experienced adverse employment action, and (3) there was a causal connection between the protected activity and the action. *Sanchez v. SunGard Availability Servs., L.P.*, 362 F. App'x. 283, 287 (3d Cir. 2010). Plaintiffs may show causality in claims of retaliation through "temporal proximity between the protected activity and the adverse employment action, an intervening pattern of antagonism, or other facts, that, when 'looked at as a whole,' are sufficient to raise an inference" of causation. *Newton–Haskoor v. Coface N. Am.*, No. 11-3931, 2012 WL 1813102, at *5 (D.N.J. May 17, 2012) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 280-81 (3d Cir. 2000).

Defendant again contests only causation. Plaintiff fails to raise an inference that the protected activity—his requests for medical leave and accommodations—had a causal relationship to his termination. Plaintiff first requested accommodations for issues unrelated to his medical leave in 2019—around two years before his 2021 termination. (ECF No. 41-3, ¶¶ 17–18; ECF No. 46-1, ¶¶ 17–18). Plaintiff also returned from medical leave and requested additional accommodations in 2020—around a year before his termination. (ECF No. 41-3, ¶ 21; ECF No. 46-1, ¶ 21). All Plaintiff's protected activities thus occurred a year or more before the adverse employment action, and this time span is simply too long to raise an inference of causation through

15

temporal proximity alone. *See, e.g.*, *Deans v. Kennedy House, Inc.*, 587 F. App'x. 731, 735 (3d Cir. 2014) (finding that a two-month span between the protected activity and adverse employment action did not suggest retaliation standing alone); *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007) (same with respect to a two-month time span); *Schummer v. Black Bear Distrib., LLC*, 965 F. Supp. 2d 493, 499 (D.N.J. 2013) (same, with respect to a one month span").

The record similarly lacks evidence of a pattern of antagonism because Defendant never disciplined Plaintiff after he engaged in protected activity until his February 2021 termination, nearly a year later. Plaintiff testified to only one unpleasant conversation with Mr. Van Atter upon his return to work. (Def.'s Statement of Undisputed Mat. Facts, ECF No 41-5, p. 130, ¶¶ 27–28; Pl.'s Resp. to Def.'s Statement of Mat. Facts, ECF No. 46-3, ¶¶ 27–28). Even if it could be inferred that this conversation was retaliatory for Plaintiff having taken leave and/or requested accommodations, this single negative interaction without more does not establish a pattern of antagonism. *See McCullers v. Napolitano*, 427 F. App'x 190, 196 (3d Cir. 2011) (finding that several isolated instances of negative interaction between plaintiff and his supervisor did establish a pattern of antagonism). Further, Defendant's continued and consistent accommodation of Plaintiff's medical issues similarly weighs against finding a pattern of antagonism or retaliatory animus resulting from accommodation requests. *Jones v. Serv. Elec. Cable TV, Inc.*, 809 F. App'x. 105, 111 (3d Cir. 2020) ("And despite any frustrations that [employee's] supervisors voiced to one another, [employer] consistently granted [employee's] prior requests for leave, so we discern no pattern of antagonism."); *Holmes-Mergucz v. Cellco P'ship*, No. 18-11816, 2021 WL 3163985, at *8 (D.N.J. July 27, 2021), *aff'd*, No. 21-2617, 2022 WL 16545589 (3d Cir. Oct. 31, 2022) (finding no pattern of antagonism in response to accommodation request when record showed employer approved accommodation requests).

Finally, Mr. Van Atter's question to Defendant's human resource department regarding "options" with respect to Plaintiff's employment also does not raise an inference of retaliation. Plaintiff fails to meaningfully explain how this inquiry shows retaliatory animus. And the Court's review of the evidence shows that Mr. Van Atter asked this question during an exchange about Plaintiff's medical clearance to drive Defendant's vehicles at or about the time of his return to work. (Exhibit 1 to Def.'s Reply in Support of its Mot. for Summ. J., ECF No. 49-2). This is clearly a legitimate inquiry given that Plaintiff was returning from major brain surgery, his job entailed driving heavy vehicles, and Defendant needed to determine whether a medical procedure of this magnitude affected his ability to do so. Plaintiff's mere speculation that this comment reflected an intent to retaliate against him for protected activity and was not a legitimate inquiry cannot raise an inference of causation without more evidence. *C.f.*, *Paradoa*, 610 F. App'x at 166 (3d Cir. 2015) (explaining that "speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference" of causation in the context of discrimination claims) (quoting *Adeniji v. Admin. for Child. Servs.*, 43 F. Supp. 2d 407, 423 (S.D.N.Y.1999)).

In short, the Court finds nothing in the record "as a whole" to raise an inference of causation and make out a *prima facie* case of retaliation. *Newton–Haskoor v. Coface N. Am.*, 2012 WL 1813102, at *5.

### 2. Plaintiff Fails to Set Forth Evidence from Which a Reasonable Jury Could Conclude Defendant's Justification is Pretext for Retaliation

Furthermore, even if Plaintiff established a *prima facie* case of retaliation, he fails to rebut Defendant's proffered non-discriminatory reason for his termination with sufficient evidence from which a reasonable jury could find pretext for retaliation. The only evidence in the record that in any way suggests such pretext consists of Mr. Van Atter's comment with respect to "options."

17

Even if this comment raised an inference of causation for purposes of establishing a *prima facie* case of retaliation—which, it does not—such "minimal evidence referenced in support of Plaintiff's *prima facie* case" would still "fail[] to carry Plaintiff's burden of establishing pretext." *Hopkins*, 2018 WL 6243039, at *7. A comment unrelated to Plaintiff's termination, made nearly a year before that adverse action does not provide sufficient evidence from which a reasonable jury could find pretext for retaliation particularly when considering all the facts of this case. *Ezold*, 983 F.2d at 545; *see also Taylor*, 669 F. Supp. 2d at 511. Because Plaintiff fails to make out a *prima facie* case of retaliation and fails to set forth any evidence from which a reasonable jury could find that Defendant's reasons for his termination were pretext for retaliation, summary judgment must granted as to this claim.

## V.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, (ECF No. 41), is **GRANTED**. An appropriate Order accompanies this Opinion.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**